IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.                                  ) | CR. No.: 2:06cr165-WKW |
| ) | |
| DANIEL RYAN STRICKLAND ) | |

## MOTION TO SUPPRESS STATEMENTS[1]
### (Evidentiary Hearing Requested)

COMES NOW the Defendant, Daniel Ryan Strickland, by and through undersigned counsel, Kevin L. Butler, and moves to suppress any statements given by Mr. Strickland on May 31, 2006 and June 2, 2006 in response to police interrogation.

### Facts

Mr. Strickland is a 24-year-old white male charged in this court with robbery of a United States Post Office. Mr. Strickland has an extensive history of mental health and psychiatric counseling. At the time of the charged conduct and at the time of his arrest, Mr. Strickland was in a psychotic state and reportedly expressed a desire to be killed by the police if arrested (i.e. suicide by cop).[2] Additionally, Mr. Strickland is presently engaging in self mutilation. When in a

---

[1] Given the facts available to undersigned counsel at this time, there is a good faith belief that Mr. Strickland's statements should be suppressed. However, undersigned counsel has moved for a Bureau of Prison competency evaluation of Mr. Strickland. Additionally, undersigned counsel is attempting to arrange a separate "defense" psychiatric evaluation of Mr. Strickland. If these psychiatric evaluations conclude that Mr. Strickland was able to knowing and intelligently waive his *Miranda* rights and voluntarily provide a statement, this motion may be withdrawn.

[2] Undersigned counsel is presently attempting to determine the exact nature of Mr. Strickland's psychosis at the time of his arrest.

psychotic state, Mr. Strickland is not capable of understanding verbal requests or written information.

On May 31, 2006 and while in a psychotic state, Mr. Strickland was arrested by Florida law enforcement officers on suspicion that he robbed a bank and a United States Post Office. While in law enforcement custody and still in a psychotic state, on May 31, 2006 and June 2, 2006, Mr. Strickland was extensively questioned regarding the suspected criminal conduct. In response to this interrogation, Mr. Strickland waived his *Miranda* rights and provided incriminating statements.

Though allegedly advised of his *Miranda* rights prior to questioning, because of his psychosis, Mr. Strickland had no knowledge of the rights he was waiving and subsequently did not provide a knowing and voluntary statement. Therefore, the defense respectfully requests the statement(s) be suppressed.

## Discussion

In *Miranda v. Arizona*, 384 U.S. 436, (1966), the Supreme Court ruled that a person in police custody must be advised of his right to remain silent and his right to the assistance of counsel prior to interrogation. Those rights can be waived, but the *Miranda* waiver must be knowing and voluntary. *Moran v. Burbine*, 475 U.S. 412 (1986). In order to determine if the waiver was knowingly and voluntarily executed, the court must first determine whether: (1) the waiver was the product of free will and deliberate choice and not intimidation, coercion or deception or otherwise involuntary and (2) whether the individual was aware of both the nature of the right being abandoned and the consequences of the decision to abandon the right.

In this case, Mr. Strickland executed a *Miranda* waiver and then provided a statement.[3] However, the *Miranda* waiver was neither voluntary nor knowingly and intelligently provided.

1) <u>Mr. Strickland's *Miranda* waiver was not voluntary</u>.

The 11th Circuit has held if the police take advantage of an individual's mental limitations in order to secure a *Miranda* waiver, the waiver is not voluntary. *United States v. Barbour*, 70 F.3d 580, 585 (11th Cir. 1995). In this case, the police took advantage of Mr. Strickland's mental limitations. At the time of his arrest, Mr. Strickland's demeanor and manner clearly and objectively presented an individual who was in a psychotic state, was easily confused, and easily manipulated. In this paranoid state, Mr. Strickland led police on a high speed vehicle chase and had delusional beliefs regarding his arrest, detention and questioning. A law enforcement officer with any experience in human behavior would recognize that at the time of his arrest and subsequent detention, Mr. Strickland was not able to understand or comprehend a written document outlining constitutional rights and protections. Though Mr. Strickland may not have protested signing the *Miranda* waiver, the police knew he did not understand the document or the ramifications of executing the waiver. Therefore, the waiver was not voluntary. In addition to being involuntary, the statement was not knowingly and intelligently provided.

2) <u>Mr. Strickland's Miranda waiver was not knowingly or intelligently provided</u>.

In addition to being voluntary, a *Miranda* waiver must also be knowingly and intelligently executed. In determining whether a *Miranda* waiver is knowingly and intelligently executed, the court must look at the defendant's intellect, age, experience and education. *Miller v. Dugger*, 838

---

[3] There is no indication from the discovery that the statement itself was involuntary. However, the defense reserves the right to raise this issue if testimony indicates the statement itself was coerced.

F.2d 1520 (11th Cir. 1988). In this case, at the time all statements were taken, Mr. Strickland was in a psychotic state and unable to knowingly and intelligently understand the nature of the *Miranda* warnings or the ramification of a *Miranda* waiver. Therefore, in addition to being manipulated by law enforcement, Mr. Strickland had no knowledge or understanding of his rights when the *Miranda* waiver was executed.

## Conclusion

For the reasons set forth above, Mr. Strickland respectfully requests that the statements provided on May 31, 2006 and June 2, 2006 be suppressed.

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| V. ) | CR. No.: 2:06cr165-WKW |
| ) | |
| **DANIEL RYAN STRICKLAND** ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that on October 10, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:
Kent Brunson, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

                              Respectfully submitted,

                              s/ Kevin L. Butler
                              KEVIN L. BUTLER
                              First Assistant Federal Defender
                              201 Monroe Street, Suite 407
                              Montgomery, Alabama 36104
                              Phone: (334) 834-2099
                              Fax: (334) 834-0353
                              E-mail: kevin_butler@fd.org
                              AZ Bar Code: 014138