IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06-CR-165-WKW-DRB |
| | ) | |
| DANIEL RYAN STRICKLAND | ) | |

## ORDER ON MOTION FOR COMPETENCY EXAMINATION

At the scheduled pretrial conference this day with counsel the court considered Defendant's *Unopposed Motion for Mental Competency Examination*, filed October 10, 2006 (Doc. 15). Defense counsel, Assistant Federal Defender Kevin Butler expressly waived his client's personal appearance prior to ruling on the Motion and represented his client's awareness of the Motion and his specific desire to be transferred immediately for evaluation in an appropriate federal facility. For the United States, Asst. United States Attorney Kent Brunson confirmed his concurrence with the Motion and joined defense counsel in requesting that the Motion be granted without any further hearing or appearance by the Defendant. Accordingly, for the good cause shown[1], it is

**ORDERED** that the *Motion* (Doc. 15) is **GRANTED.**

It is further **ORDERED,** pursuant to the *Insanity Defense Reform Act of* 1984:

A. Defense counsel shall undertake promptly to secure copies of any of Defendant's medical, psychiatric, psychological, or other records relevant to his mental competency, and shall transmit them to Government Counsel, who is instructed to shall ensure that all such records are

---

[1] According to the *Motion,* law enforcement officers received information that the Defendant, upon his arrest, hoped to commit "suicide by cop" by pointing a firearm as police so that they would shoot him. During defense counsel's conference with him, Defendant exhibited signs of mental instability, showed counsel his self-mutilation scars, and related his history of psychiatric examinations and mental health counseling. (*Mot.*, ¶¶ 2-3).

transmitted expeditiously to the mental health professionals who are authorized by this Order to examine the Defendant during his institutional confinement. *Government counsel shall also transmit to these professionals copies of the indictment and any other relevant documentation regarding the offense alleged.*

    B.   *The United States Marshal for the Middle District of Alabama shall take the defendant, Daniel Ryan Strickland, into custody and* remove him forthwith to the custody of the Warden of the Medical Center for Federal Prisoners, Springfield, Missouri, or such other suitable facility of the Bureau of Prisons as may be designated by the Attorney General, for mental evaluation and treatment, *where he may be observed and examined, pursuant to 18 U.S.C. §§ 4241 (a), 4242(a) and 4247, for a reasonable period of time, but not to exceed 30 days for the § 4241(a) examination to determine the defendant's mental competency to stand trial, and not to exceed 45 days for the 18 U.S.C. §4242 determination of the defendant's mental competency at the time of the offense.* The examinations shall be conducted by one or more licensed or certified psychiatrists or psychologists at such medical facility and shall be pursuant to the provisions of Title 18, United States Code, Sections 4247(b) and (c), as enacted in the Insanity Reform Act of 1984.

    *It is further* **ORDERED** that, pursuant to the provisions of 18 U.S.C.§4247(b) and (c), *the examiners designated to conduct the psychiatric or psychological examination of the defendant, shall file a report in writing to this court within 75 days from the date the defendant arrives at such institution,* and copies shall be provided to the counsel for the defendant and to the attorney for the Government. *The report shall include –*

    (1) the defendant's history and present symptoms;

    (2) a description of the psychiatric, psychological, and medical tests that were employed and

their results;

(3) the examiner's findings;

(4) the examiner's opinions as to (i) diagnosis; (ii) prognosis; (iii) *whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and (iv) whether the defendant was insane at the time of the commission of the offense with which he is charged.*

*It is further* **ORDERED** that the defendant shall be incarcerated and remain at such institution for a period of not more than 75 days from the date the defendant arrives at such institution. In accordance with 18 U.S.C. § 4247(b), any requests by the director of the facility for a reasonable extension of this period shall be accompanied by a "showing of good cause that the additional time is necessary to observe and evaluate the defendant", and such requests shall not exceed 15 days for the 18 U.S.C. § 4241 and 30 days for the 18 U.S.C. § 4242 exam.

**C.** *The Clerk of Court is hereby* **ORDERED** to furnish the United States Marshal for this district with three certified copies of this order.

**D.** After receipt and evaluation of the examiners' report on the defendants's mental competency, the court shall schedule such hearings as may be required under 18 U.S.C. § 4241(a).

DONE THIS 13th day of October, 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

3