IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | )   2:06cr165-WKW |
| | ) |
| DANIEL RYAN STRICKLAND | ) |

**SUPPLEMENT TO DEFENDANT'S UNOPPOSED MOTION FOR PRETRIAL INCARCERATION AT PSYCHIATRIC FACILITY**

NOW COMES Daniel Ryan Strickland by and through, Kevin L. Butler, and submits supplemental authority for placement of Mr. Strickland at a psychiatric facility pending adjudication of the matter.[1] In support of this filing and the original request (Docket # 37), the Defendant states:

1. Mr. Strickland is presently at a BOP medical facility. It is undersigned counsel's firm belief that, as in the past, upon his return to this district and while housed at the Montgomery City Jail, Mr. Strickland's psychiatric condition will quickly deteriorate. Therefore, the defense is requesting Mr. Strickland be housed at a BOP medical/psychiatric facility pending trial.

2. In the original pleading and in support of this request, the defense cited 18 U.S.C. § 3142(i).

3. On July 18, 2007, this Court asked undersigned counsel to submit additional authority of this request.

4. Undersigned counsel had not been able to locate any statute or case specifically addressing this issue. However, a few cases have touched on the negative results following a failure to keep an inmate in a mental hospital when his condition has the possibility of deteriorating.

---

[1] This motion should not be construed as a further request for mental health evaluation. This motion is being filed to provide Mr. Strickland with the best psychiatric care pending trial and to help eliminate the possibility of Mr. Strickland becoming incompetent to proceed forward in the matter.

5.  For example, James Willie Brown was hospitalized for mental illness for a short period of time and then was declared competent and sent to jail, at which point his mental condition quickly began to deteriorate again. Brown v. Dodd, 484 U.S. 874, 875 (1987). At that point, he was transferred back to the hospital where he yet again was stabilized and then, against doctor's recommendations, he was transferred back to the jail, where he was quickly thereafter again declared incompetent. Id. As a result, the Supreme Court of the United States granted certiorari to consider whether the treatment Brown received in his handling, and by his psychiatrist, was appropriate and sufficient. Id. at 877. While the court does not specifically say the transfer from hospital to jail is at fault, it certainly alludes to it as a contributing factor for his mistreatment.

6.  Of assistance may be the court's reasoning in United States v. Colon, 2003 WL 21730603 (S.D.N.Y). In this case the court grappled with the dilemma of fashioning conditions for a person who in the court's opinion was only dangerous when not being provided psychiatric treatment.

7.  In addition, this Court has in the past ordered defendants with serious medical conditions to be housed, pretrial, in BOP medical facilities. See, USA v. James Vines, 3:00cr181-WHA, M.D. of Alabama.

8.  Though Mr. Strickland may not be a candidate for release, like the defendant in Colon he only appears to become incompetent when housed in a facility that does not provide ongoing psychiatric treatment. Given this Court's authority to fashion release and pretrial detention conditions which protect the community, including the defendant and jail personnel, this Court should exercise its authority to order Mr. Strickland's placment at a BOP psychiatric

facility, pending trial.

WHEREFORE, for the reasons set forth above and the reasons set forth in Defendant's original filing (Docket # 37), the Defendant prays that his Motion be granted and the Attorney General ordered to house Mr. Strickland at a psychiatric medical facility pending trial and potential sentencing.

Dated this 23rd day of July, 2007.

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | )   2:06cr165-WKW |
| | ) |
| DANIEL RYAN STRICKLAND | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kent Brunson, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Jesse Seroyer, United States Marshal
One Church Street
Montgomery, Alabama 36104

        Respectfully submitted,

        s/ Kevin L. Butler
        KEVIN L. BUTLER
        First Assistant Federal Defender
        201 Monroe Street, Suite 407
        Montgomery, Alabama 36104
        Phone: (334) 834-2099
        Fax: (334) 834-0353
        E-mail: kevin_butler@fd.org
        AZ Bar Code: 014138